**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| Earl Rowen, et al., | : | |
| | : | **Civil Action No. 07-4237 (PGS)** |
| Plaintiffs, | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| City of Bayonne, et al. | : | <u>OPINION</u> |
| | : | |
| | : | |
| Defendants, | : | |
| | : | |

Pending before this Court is a Motion by Plaintiffs Simon Taylor and Earl Rowen[1]

("Plaintiffs") to amend their Complaint to add a new defendant and a new Title VII claim.

(Docket Entry No. 15).  Having considered the parties' submissions, the Court **GRANTS in part**

**and DENIES in part** this motion.

### I.  Background

Plaintiffs instituted this lawsuit against the City of Bayonne and William O'Brien,

Plaintiffs' former supervisor, (collectively "Defendants"), by way of Complaint dated September

5, 2007.  Plaintiffs allege that Defendant City of Bayonne, through its agent Defendant O'Brien,

violated the New Jersey Law Against Discrimination ("LAD").  In addition, Plaintiffs assert First

Amendment claims based on alleged retaliatory actions taken against them by Defendants in

response to complaints about allegedly harassing conduct by Defendant O'Brien.  Plaintiffs

---

[1] The Court notes that in the initial Complaint, Plaintiff Rowen's last name was spelled "R-o-w-a-n," while in the proposed amended Complaint, his name is spelled "R-o-w-e-n."  It is not apparently clear which is the correct spelling, but for the sake of consistency, the Court will use "R-o-w-e-n" throughout this Opinion.

further alleged claims of intentional infliction of emotional distress, negligent retention of an employee, and breach of contract.

On February 11, 2008, the parties appeared before the Undersigned for a scheduling conference, after which a Pretrial Scheduling Order was issued, setting a May 30, 2008 deadline for the parties to move to amend the pleadings or add additional parties.  (Docket Entry No. 10).  Pursuant to the February 13, 2008 Pretrial Scheduling Order, fact discovery was initially set to close on July 11, 2008.  (*Id.*).   On July 9, 2008, the February 13, 2008 Scheduling Order was amended to extend fact discovery through September 30, 2008, with all discovery to be completed by December 31, 2008.  (Docket Entry No. 12).  The Scheduling Order was again amended on September 25, 2008, to extend fact discovery through October 31, 2008, with all discovery to be completed by January 16, 2009.  (Docket Entry No. 13).[2]  Neither of the amended scheduling orders amended the date by which the parties were to move to amend the pleadings or add new parties.

Plaintiffs filed the instant motion on October 27, 2008, seeking to add both an additional claim and an additional defendant.  Specifically, Plaintiffs seek leave to amend the Complaint to add a Title VII claim against the existing Defendants and to add Joanne Corbett as an individual defendant.  According to the proposed Amended Complaint, Joanne Corbett was "employed by Defendant, City of Bayonne, as a Supervisor in the Bayonne Library during all relevant times herein."  (Proposed Amended Compl. ¶ 10.)

Defendant City of Bayonne does not oppose the Motion with respect to the addition of the

_____

[2] These discovery deadlines have been amended further since the filing of the instant Motion.  A Motion to Compel Discovery in this case is also pending before this Court, and so discovery remains ongoing.

Title VII claim, and thus the Court grants this portion of Plaintiffs' Motion.  (Defs.' Letter Br. in Opp. to Pls.' Mot. for Leave to File an Amended Complaint 4.)  Defendant does, however, oppose Plaintiffs' request to add Joanne Corbett as an individual defendant.[3]  The Court evaluates the instant Motion to Amend against the equitable and legal considerations underpinning Fed. R. Civ. P. 15(a).

## II.  Analysis

Fed. R. Civ. P. 15(a) allows a party to amend its pleading by leave of court when justice so requires.  Leave to amend pleadings is to be freely given.  Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).  The decision to grant leave to amend rests within the discretion of the court.  *Foman*, 371 U.S. at 182.  Pursuant to *Foman*, leave to amend may be denied on the basis of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposing party; and (4) futility of amendment.  *Id.*  "Only when these factors suggest that amendment would be 'unjust' should the court deny leave."  *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006) (internal citations omitted).

Here, Defendant City of Bayonne is opposing Plaintiffs' Motion on the basis of undue delay and futility of the proposed amendment.  These arguments will be addressed in turn.

With respect to undue delay, the City of Bayonne argues that, because the Motion was filed after the May 30, 2008 deadline established in the initial Pretrial Scheduling Order, and because Plaintiffs waited over a year after filing the original Complaint to move to amend, the Motion should be denied.  (Def.'s Letter Br. in Opp. 3.)

---

[3] Defendant William O'Brien has not filed any opposition to this Motion, and takes no position with respect to the proposed amendments.

As a preliminary matter, the Court notes that there is no presumptive period in which a motion for leave to amend is deemed "timely" or in which delay becomes "undue."  In *Arthur v. Maersk*, the Third Circuit found that a period of eleven months from commencement of an action to the filing of a motion to amend was not, on its face, so excessive as to be presumptively unreasonable.  434 F.3d at 205.  Likewise, Plaintiffs' act of waiting thirteen months from the filing of the original Complaint to seek leave to amend will not be deemed presumptively unreasonable.

In determining whether the Motion was the result of undue delay, this Court must examine Plaintiffs' reasons for not moving to amend sooner.  *AstraZeneca AB v. Ranbaxy Pharms., Inc.*, No. 05-5553, 2008 U.S. Dist. LEXIS 102097, at \*21 (D.N.J. Dec. 15, 2008).  Plaintiffs attribute the instant delay to their previous ignorance of Joanne Corbett's role in this case.  (Pls.' Letter Br. in Reply to Defs.' Letter Br. in Opp. 3.)  They argue that Corbett's precise role in this case was only confirmed when Richard Vandenburg, a City employee, submitted an affidavit on June 16, 2008, articulating that Corbett "participated in retaliatory, discriminatory, and derogatory actions against plaintiff Earl Rowen."  (Pls.' Letter Br. in Reply 5.)  Plaintiffs filed the instant Motion approximately four months after receiving this information.

Delay alone does not justify denying a motion to amend.  *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).  Rather, only when the delay places an unwarranted burden on the court or on the opposing party is a denial on the basis of delay appropriate.  *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984).  Moreover, unless the delay at issue will prejudice the non-moving party, a movant does not need to establish a compelling reasons for its delay.  *Heyl & Patterson Int'l, Inc. v. F. D. Rich Housing of Virgin Islands, Inc.*,

663 F.2d 419, 426 (3d Cir. 1981).

Here, although the Plaintiffs likely could have included Corbett in their initial Complaint, their failure to do so does not prejudice the non-moving party, and they have nonetheless proffered a reasonable explanation for the delay.  Moreover, Plaintiffs are not guilty of repeated failure to cure deficiencies by previous amendments since this is Plaintiffs' first attempt to amend their Complaint.  *Sullivan v. W.N.Y. Residential, Inc.*, No. 01-7847, 2003 U.S. Dist. LEXIS 6498, at *4 (E.D.N.Y. Mar. 4, 2003).  Therefore, the Motion to Amend will not be denied on the basis of undue delay.

The Court next considers Defendant's futility argument.  An amendment is considered futile if it advances a claim or defense that is legally insufficient on its face.  Courts may properly deny a motion to amend when the amendment would not withstand a motion to dismiss. *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983).  Under Fed. R. Civ. P. 12(b)(6), dismissal should not be ordered "unless it appears beyond doubt that the [party asserting the claim] can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Here, Defendant City of Bayonee makes two arguments grounded in futility.  First, Defendants argue that the statue of limitations for the claims against Corbett has lapsed because the claims do not relate back to the date of the original filing of the Complaint.  Next, Defendant argues that, even assuming the claims against Corbett do relate back to the original filing date, Corbett would be immune to suit because of her status as a public employee.

An amendment of a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending it on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

Here, Rule 15(c)(1)(C) applies because Plaintiffs are seeking to add a new party. Therefore, in order for the amendment to be allowed, (1) the claim for which Plaintiffs is seeking to add a defendant must relate back to the original claim, (2) the party to be added must have received notice of the suit and will not be prejudiced in being joined, and (3) the party to be added must have known, or should have known, that but for a mistake, he or she would have been a party to the action. *Id.*; *Garvin v. City of Philadelphia*, 354 F.3d 215, 222 (3d Cir. 2003).

Here, the first element is satisfied as Defendants concede that the claims asserted in the amended pleading arise out of the conduct, transactions, or occurrences set forth in the original pleading. (Def.'s Letter Br. in Opp. 6.)

The next element requires that the party to be added must have received notice of the suit within 120 days of the filing of the complaint. *Garvin*, 354 F.3d at 221 (noting that the parties to be brought in by amendment must have received notice of the institution of the action within 120 days of the filing of the action, the period provided for service of the complaint by Fed. R. Civ. P. 4(m)). Notice may be deemed to have occurred when a party who has some reason to expect his

potential involvement as a defendant hears of the commencement of litigation through some informal means. *Singletary v. Penn. Dep't. of Corrs.*, 266 F.3d 186, 195 (3d Cir. 2001).

Here, although Joanne Corbett was mentioned in the Complaint, and Corbett's name was listed under "Names of Employees alleged to be at fault" in the Notice of Tort Claim filed by Plaintiffs counsel on April 12, 2007, this Court has not been presented with evidence that Corbett actually received notice of the commencement of this action, either formally or informally prior to January 3, 2008.  In any event, it is unnecessary to explore this requirement further, as the last element under Rule 15(c)(1)(C) cannot be met here.

Rule 15(c) further requires that, within 120 days of the institution of the action, the party to be added knew, or should have known, that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party in the first instance.  *McKenna v. City of Philadelphia*, 511 F. Supp. 2d 518, 526 (E.D. Pa. 2007).

Here, Plaintiffs' own Complaint attests to the fact that they were aware that Corbett served as Plaintiff Rowen's supervisor during the relevant time period.  (Compl. ¶ 42.)  Further, the Complaint also reveals that Plaintiffs were aware that Corbett had committed offending acts against Plaintiff Rowen.  (*Id.* (alleging that Corbett "tried to force [a female co-employee] to file false sexual harassment charges against Plaintiff Rowen.")) Thus, it does not appear that there was any mistake as to Corbett's identity justifying this Court to allow the claims against Corbett to relate back to the original filing date.[4]

---

[4] Plaintiffs attempt to explain their failure to include Corbett as an original defendant because of "confusion related to her title and employment status."  (Pls.' Lett Br. in Reply 7.)  However, Corbett's job title and employment status are not related to whether or not Plaintiffs were aware that she had committed the alleged acts, and do not account for any "mistake concerning the proper party's identity."

New Jersey's fictitious defendant rule expressly contemplates the filing of a complaint against "John Does," and then allowing plaintiffs to amend the complaint to specifically name later-identified defendants. *See generally Cruz v. City of Camden*, 898 F. Supp. 1100 (D.N.J. 1995). The fictitious defendant rule does not justify relation-back in this instance both because Corbett's identity was known at the time the Complaint was filed and because the Plaintiffs did not preserve their right to invoke the rule. *Id.*

Because the elements of 15(c)(1)(C) cannot be met, the proposed amendment cannot be deemed to relate back to the original filing date. Therefore, the amendment will be deemed futile if the statute of limitations on the claims against Joanne Corbett has run as of the filing of this Motion.

Plaintiffs' claims contained in the proposed Amended Complaint include retaliation under 42 U.S.C. § 1983 (Count One), New Jersey LAD claims (Counts Two and Three), intentional infliction of emotion distress (Count Four), negligent hiring (Count Five), respondeat superior (Count Six), Conscientious Employee Protection Act ("CEPA") (Count Seven), Title VII (Count Eight), and breach of contract (Count Nine)., With the exception of Claims Five, Six, and Nine, all of these claims are asserted against Corbett. Further, it would appear that Claims Two and Three are only being asserted by Plaintiff Taylor. Claim Eight is being asserted only by Plaintiff Rowen.

As previously stated, the Court will deem the amendment to be futile if it would not be able to withstand a motion to dismiss. "To demonstrate that a claim is 'legally insufficient on its face,' and that it could not withstand a motion to dismiss, the opposing party must be able to demonstrate that 'it appears beyond doubt that the [party] can prove no set of facts in support of

[the] claim which would entitle [the party] to relief.'" *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

The United States Supreme Court has held that actions filed under 42 U.S.C. § 1983 are governed by the limitations periods applicable to the state's personal injury claims. *Wilson v. Garcia*, 471 U.S. 261, 276-78, 85 L. Ed. 2d 254, 105 S. Ct. 1938 (1985). The New Jersey statute of limitations for claims asserting personal injuries is two years. N.J.S.A. 2A:14-2. Plaintiffs' claims for intentional infliction of emotional distress are governed by the same two-year statute of limitations. *Id.* The LAD is also controlled by a two-year statute of limitations, which begins to run on the date of the final act of harassment. *See Montells v. Haynes*, 133 N.J. 282, 292, 627 A.2d 654 (1993). CEPA is controlled by a one-year statute of limitations, which begins to run on the date of the offending act. N.J.S.A. 34:19-5.

According to Defendants, the "allegations regarding Joanne Corbett cease as of September of 2006." (Defs.' Letter Br. in Opp. 5.) Plaintiffs did not address the statute of limitations argument in their Letter Brief in Reply to Defendants' Opposition, and so do not argue the validity of this date. In determining a motion to amend a complaint, however, the Court looks only at the pleadings. *Pharmaceutical Sales and Consulting Corp. v. J.W.S. Delavau, Co., Inc.*, 106 F. Supp. 2d 761, 765 (D.N.J. 2000.) Based on the allegations contained in the proposed Amended Complaint, the Court has constructed the following time line:

- August 10, 2005 - Defendant O'Brien uses racial slur against both Plaintiffs; Plaintiffs immediately reported this incident to Corbett

- August 11, 2005 - Defendant O'Brien uses city vehicle to follow Plaintiff Taylor; Plaintiff Taylor immediately reported this incident to his supervisor

- Two to three weeks after August 10, 2005 incident - issue had not been resolved, and Plaintiffs filed complaint with E.E.O.C.

- September 6, 2008 - Plaintiff Rowen was escorted out of the City library, where he was employed as a maintenance worker, and was demoted and reassigned to work on a garbage truck

- After (no specific date) being sent to work on the garbage truck, Plaintiff Rowen learned that Corbett had encouraged a female co-employee to file false sexual harassment charges against Rowen[5]

- August 1, 2007 - Plaintiff Rowen again demoted "to an out-of-title job pushing a broom on Broadway, the main thoroughfare in Bayonne"

Based on this time line, as well as the Court's reading of the proposed Amended Complaint, the Court finds that any actions taken by Corbett against Plaintiff Taylor occurred, at the latest, in or around August of 2005, when Corbett allegedly failed to take action with respect to Defendant O'Brien's use of a racial slur, and her failure to act upon notification by Plaintiff Taylor that Defendant O'Brien had been following him around the next day, despite having been told to stay away from Plaintiff Taylor.  Since the proposed Amended Complaint is devoid of any further alleged acts by Corbett as against Plaintiff Taylor, clearly Plaintiff Taylor's claims against Corbett are time-barred by the applicable statutes of limitation.

With respect to Plaintiff Rowen, the final act of harassment must be considered to be his August 1, 2007 demotion.  Rowen has specifically alleged that any demotion was an act of

---

[5] According to an affidavit submitted by co-worker Richard Vanderburg, Corbett committed this act approximately two to three weeks prior to Rowen being removed from the library.

retaliation by Defendants.  While Plaintiffs' proposed Amended Complaint does not specifically attribute this demotion to the actions of Corbett, in deciding a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6), the Court must presume all allegations in the complaint are true and must view them in the light most favorable to the complainant.  *Warth v. Seldin*, 422 U.S. 490, 501 (1975).  Therefore, Rowen's § 1983 and LAD claims (to the extent Plaintiff Rowen is pursuing such claims) against Corbett will be allowed, as they were filed within two years of August 1, 2007.  The same is true of the intentional infliction of emotional distress claim, because Rowen's demotion was a contributing factor to his emotional distress.  Plaintiff's CEPA claim, however, is time-barred pursuant to the applicable one-year limitation period.

The final remaining claim is Rowen's Title VII claim against Corbett.  Defendant City of Bayonne argues that this claim cannot be maintained because of Third Circuit precedent indicating that Title VII liability cannot be imposed on an individual employee.  (Defs.' Br. in Opp. 4.)  The Court agrees.

The Third Circuit first addressed the issue of individual liability under Title VII in *Sheridan v. E.I. duPont de Nemours and Co.*, 74 F.3d 1439 (3d Cir.), *vacated*, 74 F.3d 1459 (3d Cir.1996).  In *Sheridan*, the plaintiff, a hotel employee, argued the district court had erred by dismissing her Title VII claims against the general manager of the hotel. 74 F.3d at 1442.  The plaintiff asserted that because the term "employer" is defined to include "any agent" of an employer and the hotel general manager was an "agent" of the hotel, the hotel general manager could be held personally liable under Title VII.  *Id.* at 1453.  The Third Circuit, in rejecting the argument of the plaintiff, "follow[ed] the great weight of authority from other courts of appeals" and held "an employee cannot be sued."  *Id.* at 1454 (citations omitted).

In its superceding opinion, the Circuit stated that "[plaintiff's] arguments are not without some force.  However, the clear majority of courts of appeals that have considered this question have held that individual employees cannot be held liable under Title VII . . . . [W]e are persuaded that Congress did not intend to hold individual employees liable under Title VII." *Sheridan v. E.I. DuPont de Nemours*, 100 F.3d 1061, 1077-78 (3d Cir.) (citations omitted), *cert. denied*, 521 U.S. 1129, 117 S.Ct. 2532, 138 L.Ed.2d 1031 (1997).

In *Dici v. Commonwealth of Pennsylvania*, 91 F.3d 542 (3d Cir.1996), the Circuit again addressed the issue of individual liability under Title VII.  There, the plaintiff had been denied workers' compensation benefits for "psychic injuries" resulting from alleged sexual and racial harassment.  She brought an action under Title VII and Pennsylvania law, alleging that her supervisor had failed to properly respond to her harassment claims.  *Id.* at 544.  The *Dici* court held the plaintiff could not sustain her Title VII claims against her supervisor.  *Id.* at 552. The Circuit stated:

> When the issue of individual liability was before this court in *Sheridan v. E.I. duPont Nemours*, 74 F.3d 1439, 1996 WL 36283 (3d Cir.1996), *vacated*, 421 74 F.3d 1459 (3d Cir. 1996), the court held that an individual employee cannot be liable under Title VII.  The majority opinion . . . noted the great weight of authority from other courts of appeals holding an employee cannot be sued under Title VII . . . . The *Sheridan* opinion was withdrawn when the court voted to take the case en banc . . . . However, the principal focus of the en banc briefs and arguments was on Title VII issues other than individual liability.  In light of this, we conclude, for the reasons previously given by the court in *Sheridan* and the other courts of appeals, that individual employees cannot be held liable under Title VII.

*Id.*; *see also Galbraith v. Lenape Regional High School Dist.*, 964 F.Supp. 889, 897 n. 5 (D.N.J.1997); *Caldwell v. KFC Corp.*, 958 F.Supp. 962, 971 (D.N.J.1997).

Here, as in *Sheridan* and *Dici*, even though Corbett acted in a supervisory capacity, she is

-12-

still an employee, and as such cannot be held liable under Title VII.  Because this claim would not survive a motion to dismiss, Plaintiffs should not be permitted to amend their Complaint to add this claim.  *Massarsky*, 706 F.2d at 125.[6]

Defendant City of Bayonne next attempts to defeat Plaintiffs' Motion to Amend on the basis that "any claim against Ms. Corbett is still futile, as any claim against Ms. Corbett would only proceed as an official-capacity claim and, thus, could only impose liability against the entity-defendant."  (Defs.' Letter Br. in Opp. 8.)  Defendant fails to cite any law in support of this argument, and instead argues generally that "any claim against Ms. Corbett must be considered an official-capacity claim and, thus, is devoid of any possibility that Ms. Corbett can be personally liable."  (*Id.*)

Plaintiffs shed some additional light on this matter by conceding that "under the applicable statute, the City of Bayonne is a legislative entity and Ms. Corbett could be considered a 'policymaker,' and she is a legislator entitled to immunity from civil liability for 'legislative activities.'" (Pls.' Letter Br. in Reply 7.)  Plaintiffs continue, however, that any adverse action taken by Corbett was "outside her scope of employment," thus precluding the Court from granting her immunity from civil liability in this situation.  (*Id.*)

Chapter Three of the New Jersey Tort Claims Act provides, "[a] public employee is not liable for an injury resulting from the exercise of judgment or discretion vested in him"; and "[a] public employee is not liable for legislative or judicial action or inaction, or administrative action or inaction of a legislative or judicial nature."  N.J.S.A. 59:3-2(a), (b).  The Act is only intended

---

[6] Although Defendant O'Brien does not oppose this Motion, the Court also finds that to add a Title VII claim against O'Brien would be futile, and so will deny the Motion with respect to this claim.

to immunize an employee for the exercise of discretion within the scope of his or her duties. N.J.S.A. 59:3-14.  Further, willful misconduct by a public employee is expressly excluded from the scope of the Act's immunity.  *Id.*

Here, it is unclear whether Plaintiffs wish to pursue their claims against Corbett acting in her official capacity or in her individual capacity.  However, both Plaintiffs' original Complaint and the proposed Amended Complaint set forth specific allegations of conduct by Corbett that could be construed to be outside the scope of her duties as a public employee.  In particular, Plaintiffs allege that Corbett tried to force a female co-worker to file false sexual harassment charges against Plaintiff Rowen.  (Compl. ¶ 42.)  Based on these allegations, it is entirely possible that a jury could conclude that Corbett's actions were taken outside the scope of her employment, thus rendering her amenable to suit despite the potential for immunity.  Therefore, the Court cannot find that there is no set of facts in support of Plaintiffs' claims which would entitle Plaintiffs to relief, such as would warrant a dismissal of the claims.  *See Foman*, 371 U.S. at 182 ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.").

**CONCLUSION**

For the reasons set forth above, the Court grants in part and denies in part Plaintiffs'

Motion to Amend the Complaint.  Plaintiffs are hereby granted leave to amend their Complaint

to include a Title VII claim by Plaintiff Rowen against Defendant City of Bayonne and to include

§ 1983, New Jersey LAD, and intentional infliction of emotional distress claims by Plaintiff

Rowen against Joanne Corbett.  The Court will issue an appropriate Order.

s/ Esther Salas
**ESTHER SALAS**
**UNITED STATES MAGISTRATE JUDGE**